■ THEODORE BERGER, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY et al., Defendants, and PAUL R. ANDERSON et al., Appellants. [918 NYS2d 458]—

It is well established that evidence of a rear-end collision with a stopped vehicle constitutes a prima facie case of negligence on the part of the operator of the moving vehicle (*see De La Cruz v Ock Wee Leong*, 16 AD3d 199 [2005]), which may be rebutted by evidence that the vehicle in front stopped suddenly (*see Barry v City of New York*, 283 AD2d 300 [2001]). Here, the motion court properly determined that issues of fact exist concerning whether the first three vehicles in this five-car accident, including appellants' cars, stopped suddenly and their reasons for doing so. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.