■ ANNA CORRIGAN, Respondent, v PORTER CAB CORP. et al., Respondents, and JOHN KATSOMALIARIS et al., Appellants. [955 NYS2d 336]—

"It is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent" (*Agramonte v City of New York*, 288 AD2d 75, 76 [1st Dept 2001]). Defendants-appellants, through the deposition testimony of Oseni and plaintiff, made a prima facie

showing of entitlement to judgment as a matter of law by demonstrating that the vehicle owned by Katsomaliaris and driven by Oseni was stopped at a red light when it was struck in the rear by the vehicle driven by defendant Islam, which propelled it into plaintiff as she attempted to cross the intersection. In opposition, defendant Islam failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*Profita v Diaz*, 100 AD3d 481 [1st Dept 2012]).

Islam's testimony that defendants-appellants' vehicle stopped suddenly is insufficient to raise a triable issue of fact (*see Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]). Vehicle and Traffic Law § 1129 imposes "a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). While Islam maintains that the light was green when he struck defendants-appellants vehicle, Islam testified that the traffic was "medium" and that he was only approximately two feet away from defendants-appellants vehicle when he first saw it stopped. He did not explain why he did not maintain a safe distance between his vehicle and defendants-appellants' vehicle (*see Dattilo v Best Transp. Inc.*, 79 AD3d 432 [1st Dept 2010]; *Soto-Maroquin v Mellet*, 63 AD3d 449, 449-450 [1st Dept 2009]).

The plaintiff's completely speculative assertion that her injuries were worsened because Oseni may have stepped on the gas pedal instead of the brake after his vehicle was hit from behind was insufficient to defeat the motion for summary judgment (*see Sosa v Rehmat*, 46 AD3d 306 [1st Dept 2007]; *Sirico v Beukelaer*, 14 AD3d 549 [2d Dept 2005]). Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.