CARLENE HERNANDEZ, Plaintiff, v ADVANCE TRANSIT CO., INC., et al., Appellants, and GENERAL GLASS & METAL, L.L.C., et al., Respondents. [954 NYS2d 869]—

In this action for personal injuries allegedly suffered by plaintiff while she was a passenger in a vehicle owned by defendant Advance and operated by defendant Lopez when it was rear-ended by a vehicle driven by defendant Joseph DiGerardo, Jr., the motion court properly denied summary judgment to defendants Advance and Lopez. Although a rear-end collision with a stopped vehicle creates a presumption of negligence on the part of the operator of the moving vehicle (*see Berger v New York City Hous. Auth.*, 82 AD3d 531 [1st Dept 2011]), summary judgment is not warranted where, as here, there are questions of fact as to whether the stopped vehicle was the proximate cause of the accident. There is evidence indicating that defendant Lopez's vehicle "suddenly swerved from the extreme right lane to the far left lane (across two lanes of traffic) and suddenly stopped short" just prior to the collision. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.