Order, Supreme Court, New York County (George J. Silver, J.), entered December 14, 2011, which denied defendants Patty Taxi Corp. and Libardo Daza’s motion for summary judgment dismissing the complaint as against them, and granted plaintiffs’ cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
The record shows that the taxi operated by defendant Daza *750 collided with the rear of plaintiff Renteria’s car, which was stopped in the left lane of the FDR Drive in Manhattan, following a collision with the car operated by defendant Simakov. This evidence establishes prima facie that Daza was negligent, which shifts the burden to Daza to establish a nonnegligent explanation for the collision (Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]).
We reject Patty Taxi and Daza’s contention that Daza’s testimony shows that he was confronted with an emergency situation that rendered his actions reasonable (see e.g. Caristo v Sanzone, 96 NY2d 172 [2001]). Daza testified that he was traveling up an incline at about 35 to 38 miles per hour, that when he reached the top of the incline he saw the two cars stopped in his lane only about 12 feet in front of him, that he was unable to move into the middle lane because of a vehicle traveling there, and that after he slammed on his brakes, his car skidded for five or six seconds before striking plaintiff’s car. Motorists are obligated to drive at a sufficiently safe speed and to maintain sufficient distance from vehicles in front of them to avoid collisions with stopped vehicles, taking into account weather and road conditions (see LaMasa v Bachman, 56 AD3d 340 [1st Dept 2008]; Johnson, 261 AD2d at 271-272). Given that the incline in the FDR Drive, which Daza’s testimony suggests was so steep as to obscure from his sight vehicles more than 12 feet ahead of him, Daza (who moreover admitted to being familiar with that section of the Drive) was traveling too fast to maintain a safe distance from any cars stopped beyond the crest of the incline.
Vehicle and Traffic Law § 1202 (a) (1) (j) does not apply to this case, since the FDR Drive is not a designated “state expressway highway” or “state interstate route highway” (see Vehicle and Traffic Law §§ 145-a, 145-b; Highway Law §§ 340-a, 340-c). Moreover, under the circumstances, even if plaintiff was negligent in stopping her car in the left lane of the highway, she merely provided the condition or occasion for the occurrence of the rear-end collision but was not a proximate cause of it (see Iqbal v Thai, 83 AD3d 897 [2d Dept 2011]). Concur — Gonzalez, PJ., Mazzarelli, Acosta and Renwick, JJ.