■ Lorenzo Williams, Appellant, v Sayed B. Kadri, Also Known as Sayed Burhan Kadri et al., Respondents. [976 NYS2d 460]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 13, 2013, which denied plaintiff's motion for partial summary judgment on liability, unanimously reversed, on the law, without costs, and the motion granted.

The record shows that the limousine operated by plaintiff was struck in the rear by defendants' taxi, while stopped at a red traffic light on East 75th Street and First Avenue. Defendant driver testified that he drove "very slowly" because of snowy conditions and ice on the roadway, but when he tried to stop, the taxi slid on ice and struck plaintiff's vehicle. Defendant driver could not estimate the distance between his taxi and plaintiff's limousine when he applied the brakes, or his speed.

It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate non-negligent explanation for the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]). De-

fendants' explanation that the taxi slipped on ice was inadequate because a driver is expected to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account weather and road conditions (*see LaMasa v Bachman*, 56 AD3d 340 [1st Dept 2008]).

Defendants provide alternative explanations for the accident, including that plaintiff's vehicle stopped short, and that the snow created an emergency condition. We decline to consider these arguments, which were improperly raised for the first time on appeal and are unsupported by nonhearsay evidence in the record. In any event, these defenses are insufficient to rebut the presumption of defendants' negligence. Even if plaintiff's vehicle had stopped short in front of defendants' taxi, defendant driver failed to provide evidence that he maintained a safe distance between his cab and plaintiff's vehicle. Additionally, the emergency doctrine is inapplicable because defendant driver was aware of the icy road conditions and should have accounted for them properly (*see Renteria v Simakov*, 109 AD3d 749 [1st Dept 2013]; *Corrigan v Porter Cab Corp.*, 101 AD3d 471 [1st Dept 2012]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.