■ NICHOLAS JOPLIN, Appellant, v CITY OF NEW YORK et al., Respondents. [982 NYS2d 762]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 15, 2013, which, to the extent appealed from, granted defendants' motion to renew plaintiff's motion for partial summary judgment on the issue of liability and, upon renewal, denied plaintiff's motion, unanimously reversed, on the law, without costs, and the motion to renew denied.

In its prior order, the court granted plaintiff's motion based on the undisputed evidence that plaintiff's car was stopped at an intersection when it was hit in the rear by defendants' vehicle. Defendants' motion for renewal should have been denied. The purported new evidence consisting of plaintiff's deposition testimony did not warrant a different outcome (*see Matter of Santiago v New York City Tr. Auth.*, 85 AD3d 628 [1st Dept 2011]; CPLR 2221 [e] [2]). A rear-end collision with a stopped vehicle is prima facie evidence of negligence on part of the operator of the moving vehicle (*see Renteria v Simakov*, 109 AD3d 749 [1st Dept 2013] [affirmance of an order granting plaintiff's cross motion for summary judgment in a case involving a rear-end collision]). Defendants' evidence that plaintiff's vehicle suddenly stopped was insufficient to raise an issue of fact with respect to their liability (*see Williams v Kadri*, 112 AD3d 442 [1st Dept 2013]; *Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]).

There is no merit to defendants' argument that *Maniscalco v New York City Tr. Auth.* (95 AD3d 510 [1st Dept 2012]) and *Calcano v Rodriguez* (91 AD3d 468 [1st Dept 2012]) represent a change in the law that would have affected the outcome of the motion. We reject the argument because both cases were decided before *Renteria*. Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.