■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUANITA FUDGE, Appellant. [997 NYS2d 96]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Robert Stolz, J.), rendered on or about September 5, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur— Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.

■ KIMBERLY CRUZ, Appellant, v EVAN LISE, Respondent. [999 NYS2d 41]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about March 3, 2014, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

In support of her motion, plaintiff submitted an affidavit averring that she had stopped at an intersection when her car was hit in the rear by defendant's vehicle. Since a "rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle," this was sufficient to shift the burden to defendant "to come forward with an adequate nonnegligent explanation for the accident" (Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]; see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Joplin v City of New York, 116 AD3d 443 [1st Dept 2014]). Defendant's affidavit asserting that plaintiff suddenly stopped in front of him, standing alone, was insufficient to rebut the presumption of negligence (Corrigan v Porter Cab Corp., 101 AD3d 471, 472 [1st Dept 2012]; see also Gutierrez v Trillium USA, LLC, 111 AD3d 669, 670-671 [2d Dept 2013]; Renteria v Simakov, 109 AD3d 749 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.