■ FRANCIS PADILLA et al., Plaintiffs, v ZULU SERVICES, INC., et al., Defendants/Third-Party Plaintiffs-Respondents. F.W. NAGEL, Third-Party Defendant-Appellant. [17 NYS3d 855]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about April 8, 2014, which, insofar as appealed from, denied the cross motion of third-party defendant F.W. Nagel (Nagel) for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment dismissing the third-party complaint.

It is well settled that "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]). Here, Nagel demonstrated his entitlement to judgment as a matter of law by submitting evidence showing that his vehicle was stopped when it was rear-ended by a vehicle owned by defendant/third-party plaintiff Zulu Services, Inc. (Zulu Services) and operated by defendant/third-party plaintiff Yodeny Beltran (Beltran); plaintiffs were passengers in the vehicle driven by Beltran.

In opposition, Zulu Services and Beltran failed to raise a triable issue of fact. Their contention that Nagel stopped short is insufficient to rebut the presumption of negligence (*see Santos v Booth*, 126 AD3d 506 [1st Dept 2015]; *Cruz v Lise*, 123 AD3d 514 [1st Dept 2014]). Although Beltran had the duty to keep a

safe distance between his vehicle and Nagel's vehicle, he never explained why he failed to do so despite his testimony that he was watching Nagel's vehicle before the accident happened (*see Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]). Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.