■ Errol Morgan, Appellant, v Scott Browner et al., Respondents. [28 NYS3d 594]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 29, 2014, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the rear vehicle to "come forward with an adequate nonnegligent explanation for the accident" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Joplin v City of New York*, 116 AD3d 443 [1st Dept 2014]).

Defendant asserts that the lead vehicle driven by plaintiff signaled to go left, but then continued driving through the intersection, and "abruptly stopped in the middle of the intersection." However, a claim that "the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" on the part of the rear driver (*see Cabrera*, 72 AD3d at 553; *Joplin*, 116 AD3d at 443). We have repeatedly so held, particularly when the defendant driver fails to explain why he or she did not maintain a safe following distance (*see Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]; *Santos v Booth*, 126 AD3d 506 [1st Dept 2015]; *Santana v Tic-Tak Limo Corp.*, 106 AD3d 572 [1st Dept 2013]; *see e.g. Chowdhury v Matos*, 118 AD3d 488 [1st Dept 2014] [allegation that the plaintiff stopped suddenly in intersection insufficient to rebut presumption]). Plaintiff did not change

lanes, but rather continued straight through the intersection after initially signaling left, distinguishing this case from others where the lead vehicle suddenly changes lanes and decelerates (*see Tutrani*, 10 NY3d at 908 [jury properly allocated 50% fault to front-most driver, a police officer who suddenly changed lanes and decelerated on a highway, causing the plaintiff's vehicle to brake suddenly, after which it was struck in the rear by the co-defendant's vehicle]). Plaintiff is accordingly entitled to summary judgment on the issue of liability. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.