■ JUAN R. MATOS, Respondent, v ANGEL R. SANCHEZ et al., Appellants. [47 NYS3d 307]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti,

J.), entered October 2, 2015, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident (*Williams v Kadri*, 112 AD3d 442, 442 [1st Dept 2013]). Plaintiff made a prima facie showing of his entitlement to partial summary judgment on the issue of liability by establishing that defendant Angel Sanchez, the driver of defendant Basics Development Group's vehicle, was negligent.

Although plaintiff came to a sudden stop and defendants contend that icy road conditions that day provide a valid, nonnegligent explanation for why the accident occurred (i.e., that Sanchez's car skidded), a driver is expected to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account weather and road conditions (*Williams*, 112 AD3d at 443; *Renteria v Simakov*, 109 AD3d 749, 750 [1st Dept 2013]; *Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]). Furthermore, defendants' reliance on the emergency doctrine is misplaced, since that defense is unavailable where, as here, defendant driver was aware of inclement weather conditions and should have properly accounted for them (*see Williams* at 443).

Defendants' alternative argument, that plaintiff stopped suddenly, is insufficient to rebut the presumption of Sanchez's negligence (*see Corrigan*, 101 AD3d at 472; *compare Berger v New York City Hous. Auth.*, 82 AD3d 531 [1st Dept 2011]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.