Urena v GVC Ltd. (2018 NY Slip Op 02426)





Urena v GVC Ltd.


2018 NY Slip Op 02426


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6237 305096/15

[*1]Bannelis Urena, et al., Plaintiffs-Respondents,
v
GVC Ltd., et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellants.
Stillman & Stillman, P.C., Bronx (Robert A. Birnbaum of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 14, 2016, which granted plaintiffs' motion for summary judgment on the issue of liability and dismissed all affirmative defenses and counterclaims alleging comparative fault, unanimously affirmed, without costs.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident" (Matos v Sanchez, 147 AD3d 585, 586 [1st Dept 2017]). Here, defendant driver's assertion that plaintiffs' vehicle stopped abruptly does not explain why defendant driver failed to maintain a safe distance, and is insufficient to constitute a nonnegligent explanation (see Cabrera v Rodriguez, 72 AD3d 553 [1st Dept 2010]; Soto-Maroquin v Mellet, 63 AD3d 449 [1st Dept 2009]). Defendant driver's further argument that the accident occurred because he could not complete a lane change, also fails to constitute a nonnegligent explanation. If he had to complete the attempted lane change to avoid striking the vehicle in front of him, he failed to maintain a safe distance, and the fact that another vehicle prevented him from completing the lane change does not constitute an emergency not of his own making (see Renteria v Simakov, 109 AD3d 749, 750 [1st Dept 2013]).
We have considered defendants' remaining arguments, including that plaintiffs' motion should have been denied as premature, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK