Newell v Bronston (2020 NY Slip Op 02854)





Newell v Bronston


2020 NY Slip Op 02854


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11487 302650/15 20478/14E

[*1] Anthony Newell, Plaintiff-Appellant,
v
Tina D. Bronston, et al., Defendants-Respondents.
Tina Bronston, Plaintiff-Appellant,
v
Jose A. Javier, Defendant-Respondent, Anthony Newell, et al., Defendants.


G. Wesley Simpson, P.C., Brooklyn (G. Wesley Simpson of counsel), for Anthony Newell, appellant.
Cheven Keely & Hatzis, New York (Thomas Torto of counsel), and O'Dwyer & Bernstien, LLP, New York (Steven Aripotch of counsel), for Tina D. Bronston, respondent/appellant.
Saretsky Katz & Dranoff, L.L.P., New York (Sam Tarasowsky of counsel), for Jose A. Javier, respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about June 1, 2018, which granted defendants Bronston's and Javier's motions for summary judgment dismissing Newell's complaint as against them, unanimously modified, on the law, to deny Javier's motion, and otherwise affirmed, without costs.
These actions arise from a three-car motor vehicle accident. Defendant Javier was driving his livery cab, followed by defendant Bronston and plaintiff Newell, when he stopped short to pick up a passenger. Bronston stopped without hitting Javier's cab, but Newell rear-ended Bronston's vehicle.
Issues of fact as to Javier's comparative negligence preclude the summary dismissal of Newell's complaint as against him. A jury could rationally find that Javier's conduct was a "substantial cause" of the accident, i.e., that his sudden stop in the unobstructed moving lane of traffic created a foreseeable chain of events that resulted in the rear-end collision between Bronston and Newell (see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 477 [1st Dept 2017]).
The court correctly dismissed Newell's complaint as against Bronston. Newell's rear-ending of Bronston's stopped vehicle establishes a prima facie case of negligence on his part, and he failed to provide a nonnegligent explanation for the accident (see Morgan v Browner, 138 AD3d 560 [1st Dept 2016]; Padilla v Zulu Servs., Inc., 132 AD3d 522, 523 [1st [*2]Dept 2015]). As the motion court found, there is no evidence of negligence on Bronston's part.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK