Romero v Valdez (2021 NY Slip Op 05650)





Romero v Valdez


2021 NY Slip Op 05650


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 23637/20E Appeal No. 14364 Case No. 2021-00676 

[*1]Roberto Romero, Jr., Plaintiff-Appellant,
v
Luis Javier Valdez et al., Defendants-Respondents.


Brand Brand Nomberg & Rosenbaum, LLP, New York (Brett J. Nomberg of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale (Ari N. Rubel of counsel), for respondents.



Order, Supreme Court, Bronx County (Bianka Perez, J.), entered February 9, 2021, which denied plaintiff's motion for partial summary judgment (CPLR 3212) and for dismissal of the comparative negligence and emergency doctrine affirmative defenses pursuant to CPLR 3211(b), unanimously affirmed, without costs.
Plaintiff established prima facie that defendants were negligent in connection with the collision between his car and their van by showing that the van rear-ended his disabled car (see Morgan v Browner, 138 AD3d 560 [1st Dept 2016]). Plaintiff submitted an affidavit that his car was partly on the shoulder of the roadway and partly in the left lane, due to the narrow width of the shoulder. He said that his car lights and hazard lights were on and that the overheated car had been stopped there for approximately ten minutes before the accident occurred. Plaintiff also said that the road was level, straight and well lit by artificial lighting where he was positioned.
In opposition, defendants raised an issue of fact by offering a nonnegligent explanation for the accident (see id.; Richards v Mitchell, 172 AD3d 439, 440 [1st Dept 2019]). Defendant driver Luis Javier Valdez submitted an affidavit that he did not see plaintiff's car until a Jeep SUV in front of his van abruptly moved from the left lane into the middle lane, revealing plaintiff's car, which had no lights on, about 80 feet away. Valdez said that he was traveling at approximately 45 to 50 miles per hour and that he braked hard to stop the van when it was apparent that there was no room for him to merge safely into the middle lane, as the Jeep SUV had done. However, Valdez was unable to stop the van before it hit plaintiff's car.
Plaintiff contends that statements attributed to Valdez in a certified police accident report concerning the collision contradict Valdez's affidavit, and that the affidavit merely attempts to create a feigned issue. The police report does not purport to set forth a comprehensive account of the collision. While the statements attributed to Valdez in the police report might provide grist for cross-examination, they are also potentially reconcilable with the account in his affidavit. 
Plaintiff failed to establish that defendants' emergency affirmative defense should be dismissed. Issues of fact exist as to whether the apparent emergency situation was of the Valdez's own making and whether he was afforded little or no time to consider alternative courses of action (see Powers v Kyong Kwan Min, 147 AD3d 401 [1st Dept 2017]; Richards, 172 AD3d 439).
Issues of fact also exist as to defendants' comparative negligence affirmative defense, including whether plaintiff's car lights and/or hazard lights were on, whether plaintiff had available roadside warning devices such as flares or cones, and whether plaintiff could have pulled his car over to the right shoulder of the road nearer the slower lanes. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021