Eisen v Katcher (2022 NY Slip Op 00122)





Eisen v Katcher


2022 NY Slip Op 00122


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 155684/17 Appeal No. 15003 Case No. 2020-04651 

[*1]Morris Eisen, Plaintiff-Respondent,
v
Andrew Katcher, Defendant-Respondent, Gables Transport Inc. et al., Defendants-Appellants.


McGaw Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellants.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Richard M. Steigman of counsel), for Morris Eisen, respondent.
Eustace, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for Andrew Katcher, respondent.



Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about November 20, 2020, which denied defendants Gables Transport Inc. and Pablo Garcia's motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
This action arises from a three-vehicle motor vehicle accident. At the time of the accident, defendant Garcia was driving a tractor-trailer owned by his employer, defendant Gables. The accident happened on the northbound Bronx River Parkway. Tractor-trailers are not allowed on the Parkway because the overpasses are too low. Just prior to the accident, to avoid hitting an overpass, Garcia suddenly slowed down and stopped the tractor-trailer, resulting in the two rear vehicles, driven respectively by plaintiff Morris Eisen and defendant Andrew Katcher, to collide with each other and the tractor-trailer. Supreme Court properly denied defendants Gables and Garcia's motion for summary judgment even though they were the lead vehicle in this three-vehicle accident.
Defendants Gables and Garcia failed to establish prima facie that Garcia's act of slowing or stopping the tractor-trailer to avoid a collision with an overpass was not a proximate cause of the ensuing accident in which plaintiff's car, which was following the tractor-trailer, was rear-ended by defendant Andrew Katcher's car (see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Newell v Bronston, 183 AD3d 441, 441 [1st Dept 2020]; Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 477 [1st Dept 2017]). A jury could rationally find that Garcia's conduct "set into motion an eminently foreseeable chain of events that resulted in [the] collision between the vehicles driven by plaintiff and [Katcher]" (Tutrani, 10 NY3d at 907-908 [internal quotation marks omitted]).
We have considered Gables and Garcia's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022