Grant v City of New York (2022 NY Slip Op 01121)





Grant v City of New York


2022 NY Slip Op 01121


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 24041/15E Appeal No. 15342 Case No. 2021-01743 

[*1]Andrew Grant, Plaintiff,
v
The City of New York et al., Defendants-Respondents, Kassim C. Williams, Defendant-Appellant.


Cheven, Keely & Hatzis, New York (Thomas A. Torto of counsel), for appellant.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 21, 2020, which, to the extent appealed from, denied defendant Kassim Williams's motion for summary judgment dismissing the complaint and all cross claims against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was a front seat passenger in defendant Williams's vehicle, which was suddenly hit in the rear on the Cross Bronx Expressway by the City defendants' police vehicle as it pursued a large truck that had been speeding. Williams testified at deposition that just prior to the accident he was travelling in the left lane of the three-lane northbound expressway, and that he was dropping his speed from 40 mph to 35 mph as he spotted a construction crew setting up safety cones in the left lane to evidently close it off. Defendant Officer Ronald Jurain testified at deposition that he was following the suspect truck in the center lane at approximately 50 to 60 mph, and that when the officer moved into the left lane to get alongside the truck, he kept his sight on the truck and failed to see Williams's vehicle, which was slowing down with the traffic and lane closure ahead. The accident ensued and Officer Jurain admitted both not having seen Williams' car prior to striking it, and that he knew of the ongoing road construction in the area for the past week, inasmuch as he routinely patrolled the expressway.
Williams's evidence in support of his motion demonstrated prima facie that he was operating his vehicle in a lawful, reasonable manner given the circumstances on the expressway at the time, and that he was not otherwise culpable in causing the police car to strike the rear of his vehicle. The burden having shifted, plaintiff and the City defendants each failed to offer evidence as would raise a factual issue regarding Williams's comparable negligence in the cause of the accident (see e.g. Newell v Bronston, 183 AD3d 441 [1st Dept 2020]). The City defendants failed to proffer a nonnegligent explanation for rear-ending Williams's vehicle, and the claim that the rear-ended vehicle stopped short, standing alone, is insufficient as a nonnegligent explanation for an accident (see generally Bajrami v Twinkle Cab Corp., 147 AD3d 649 [1st Dept 2017]; Mitchell v Smith, 142 AD3d 861 [1st Dept 2016]). Regardless of whether the actions of the police in this incident are to be considered under the reckless standard set forth in Vehicle and Traffic Law § 1104, the nonliability of Williams, given the
unrefuted evidence of his nonculpable role in this accident, remains unchanged (seegenerally Pilgrim v Campoverde-Bravo, 175 AD3d 1333 [2d Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022