Williams v Ithaca Dispatch, Inc. (2022 NY Slip Op 07278)

Williams v Ithaca Dispatch, Inc.

2022 NY Slip Op 07278

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534148
[*1]Raquel I. Williams, Appellant,
v
Ithaca Dispatch, Inc., Doing Business as Total Transportation of Elmira, et al., Respondents.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P, Clark, Pritzker, Ceresia and Fisher, JJ.

Cellino Law LLP, Buffalo (Jeanna M. Cellino of counsel), for appellant.
Barth Condren, Buffalo (Breanna C. Reilly of counsel), for Ithaca Dispatch, Inc. and another, respondents.
Kenney Shelton Liptak Nowak LLP, Buffalo (Justin L. Hendricks of counsel), for John I. Heath, respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered September 29, 2021 in Chemung County, which granted defendants' motions for summary judgment dismissing the complaint.
On November 24, 2015, plaintiff was a front-seat passenger in a taxicab that was the middle vehicle in a three-vehicle accident that occurred on Interstate 86 West in Chemung County. The taxicab, driven by defendant R.T. VonRapacki Jr. and owned by defendant Ithaca Dispatch, Inc. (hereinafter collectively referred to as Ithaca), struck the rear of a vehicle driven by Albert Derenzo III. The taxicab was also struck from behind by a vehicle driven by defendant John I. Heath. Plaintiff commenced this personal injury action, contending that, as a result of the two collisions, she sustained injuries to her cervical spine, thoracic spine, lumbar spine and head.[FN1] Following joinder of issue, Ithaca and Heath separately moved for summary judgment dismissing the complaint, arguing that they were not negligent and that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motions and dismissed the complaint on the ground that defendants were not negligent under the emergency doctrine. Plaintiff appeals.
We reverse. "Striking a vehicle in the rear is negligence as a matter of law absent a sufficient excuse" (Gage v Raffensperger, 234 AD2d 751, 751-752 [3d Dept 1996] [citation omitted]). The excuse proffered by defendants here, and accepted by Supreme Court, was that they were confronted with an emergency in the form of sudden snowfall and icy road conditions such that they could not avoid the respective collisions. "[I]n order for a driver to be entitled to summary judgment based upon the emergency doctrine, he or she must demonstrate, as a matter of law, that the emergency situation with which he or she was confronted was not of his or her own making and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (Lopez-Viola v Duell, 100 AD3d 1239, 1242 [3d Dept 2012] [internal quotation marks and citation omitted]; see Johnson v Freedman, 195 AD3d 1206, 1207 [3d Dept 2021]; Shetsky v Corbett, 107 AD3d 1100, 1101 [3d Dept 2013]). "Whether [a] defendant was presented with an emergency is generally a question of fact" (Rock-Wright v O'Connor, 172 AD3d 1507, 1508 [3d Dept 2019] [citation omitted]; see Copeland v Bolton, 101 AD3d 1283, 1285 [3d Dept 2012]). In addition, "the emergency doctrine is inapplicable [where a] defendant driver was aware of . . . icy road conditions and should have accounted for them properly" (Williams v Kadri, 112 AD3d 442, 443 [1st Dept 2013]; see Gadon v Oliva, 294 AD2d 397, 398 [2d Dept 2002]; Gage v Raffensperger, 234 AD2d at 752 [3d Dept 1996]). "[A] driver is expected to maintain enough distance between himself [or herself] and cars ahead of him [or her] so as to avoid collisions with [slowing [*2]or] stopped vehicles, taking into account weather and road conditions" (Williams v Kadri, 112 AD3d at 443).
Defendants supported their motions with, among other things, the deposition testimony of Derenzo, VonRapacki, Heath and plaintiff. Derenzo testified that he was driving on the highway in the right lane when he came upon some icy patches and slowed his speed accordingly. He then encountered heavy snow, although he could still see approximately a quarter to a half mile behind and ahead of him. Derenzo slowed further by releasing the accelerator, but deliberately did not apply the brakes in order to avoid slipping on the ice. Derenzo then looked in his rearview mirror and saw several cars in the lane behind him, all approaching rapidly. He watched as the vehicle behind him — the VonRapacki taxicab — was struck from behind and then, a few seconds later, he felt the taxicab strike his vehicle.
VonRapacki testified that, while driving on the highway, he saw a "wall of snow" ahead, although he later clarified that it was snowing "kind of heavy" but that "it wasn't whiteout conditions or anything like that." He reduced his speed from about 65 miles per hour to about 50 miles per hour by letting up on the accelerator, but did not apply his brakes. After initially observing the snow ahead, VonRapacki "got past the one exit, got past the other one." At that point, he testified, he saw other vehicles' brake lights in front of him, hit his own brakes, skidded on ice and began to slide. He recalled being struck from behind but did not recall striking the Derenzo vehicle ahead of him.
It was Heath's testimony that when he got on the highway, about three miles before the accident, there was "a half inch of snow or more" on the road surface. Heath testified that it was not snowing at all at any point while he was on the highway. According to Heath, he was proceeding along the highway when he observed that the VonRapacki taxicab had come to a complete stop approximately five to 10 car lengths ahead of him, so he slowed to a speed of around 35 to 40 miles per hour. He indicated that he put his turn signal on and tried for "a couple minutes" to switch into the left lane. However, because of passing vehicles, he was not able to do so. He then applied his brakes but "the roads were a little bit on the slippery side," and he slid into the VonRapacki taxicab in front of him. At this point, according to Heath's testimony, he was traveling under five miles per hour.
Plaintiff testified that VonRapacki braked suddenly and forcefully, but did so too late, and struck the car in front of them. Plaintiff recalled that they were then struck "really bad" from behind such that her head hit the dashboard, and the taxicab spun around and crashed into a barrier on the side of the highway, causing glass to shatter.
The above-described testimony, viewed in the light most favorable to plaintiff, raises clear issues of fact as to the weather and road conditions on the date [*3]of the accident, the speeds of the various vehicles involved and the measures taken by the defendant drivers to avoid the collisions. Accordingly, Supreme Court erred in awarding defendants summary judgment pursuant to the emergency doctrine (see Baldauf v Gambino, 177 AD3d 1307, 1309 [4th Dept 2019]; Copeland v Bolton, 101 AD3d at 1285).
With respect to defendants' alternative ground for summary judgment, i.e., that plaintiff did not meet the serious injury threshold, we note that this did not form the basis of Supreme Court's dismissal of the complaint. The court, after ruling that the complaint must be dismissed in view of the emergency doctrine, expressly indicated that it need not reach the threshold issue. Although the court then went on to engage in brief discussion on that issue and stated what the outcome would have been in the event that it were necessary to rule on the matter, this amounted to an academic exercise. We recognize our authority to decide this question of law, but nevertheless conclude that, under these particular circumstances, it would be unjust for us to now decide the issue in the absence of the parties having an opportunity to fully address it in their appellate briefs. As such, the matter is remitted to Supreme Court.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and defendants' motions denied.

Footnotes

Footnote 1: In an amended complaint, plaintiff added as defendants Derenzo and the owner of the vehicle that Derenzo was driving, but eventually discontinued the action as against them.