Ferreira v E-J Elec. Installation Co. (2023 NY Slip Op 05467)

Ferreira v E-J Elec. Installation Co.

2023 NY Slip Op 05467

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 30856/19E Appeal No. 922 Case No. 2022-03096 

[*1]Ana Ferreira, Plaintiff-Respondent,
v
E-J Electric Installation Company et al., Defendants-Appellants.

Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kelly A. Breslauer of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about December 21, 2021, which granted plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses of culpable conduct, contributory negligence, and assumption of risk, unanimously affirmed, without costs.
The court properly granted plaintiff summary judgment on liability. Plaintiff established prima facie that defendants were negligent by submitting her affidavit averring that defendants' vehicle struck her vehicle from behind and, in opposition, defendants failed to come forward with a nonnegligent explanation for the accident (see Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]; Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]). Defendant driver Jose Arana averred in his affidavit that he was behind plaintiff's vehicle in slow but steady traffic when he decided to change lanes, and that as he accelerated while moving from the right lane into the left lane, plaintiff's car suddenly stopped, causing his truck to strike the rear corner of plaintiff's vehicle. Defendants' explanation that plaintiff's car stopped short was insufficient to rebut the presumption of defendants' negligence (see id.; Padilla v Zulu Servs., Inc., 132 AD3d 522, 522-523 [1st Dept 2015]).
Because plaintiff established her own absence of negligence, and defendants failed to submit any evidence sufficient to raise an issue of fact as to her culpable conduct, the affirmative defenses based on her fault, as well as the irrelevant assumption of risk defense, were properly dismissed (see Vasquez v Strickland, 211 AD3d 414, 414-415 [1st Dept 2022]).
Plaintiff's motion was not premature because information as to why defendants' vehicle rear-ended plaintiff's car was within defendants' own knowledge (see Reyes, 212 AD3d at 565; Mirza v Tribeca Auto. Inc., 189 AD3d 448 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023