Kante v Ruiz (2023 NY Slip Op 05540)

Kante v Ruiz

2023 NY Slip Op 05540

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 809164/21E Appeal No. 875 Case No. 2023-02083 

[*1]Baman Kante, Plaintiff-Respondent,
v
Leidy Ruiz et al., Defendants-Respondents, John Doe etc., Defendant, Mamadou Sow, Defendant-Appellant.

The Zweig Law Firm, P.C., Woodmere (Daniel P. Rifkin of counsel), for appellant.
Law Office of Dennis C. Bartling, Melville (Katie A. Walsh of counsel), for Leidy v. Ruiz and Hipolito Lino, respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered September 21, 2022, which denied defendant Mamadou Sow's motion for summary judgment dismissing the complaint and all cross-claims against him, unanimously reversed, on the law, without costs, and the motion granted.
Supreme Court should have granted Sow's motion for summary judgment. Sow established a prima facie right to summary judgment by submitting an affidavit stating that his vehicle was stopped when he was rear-ended by a vehicle owned by defendants Leidy v. Ruiz and Hipolito Lino (see Warren v Donovan, 254 AD2d 201, 201 [1st Dept 1998]). The certified amended police report for this multi-vehicle accident submitted in opposition failed to raise an issue of fact precluding summary judgment on the issue of liability, as it contains nothing to controvert the fact that Sow was driving in a nonnegligent manner at the time of the collision (see Grant v Carrasco, 165 AD3d 631, 632 [2d Dept 2018] [summary judgment for the plaintiff driver denied where the police report contained the defendant driver's statement that the plaintiff's vehicle came to a sudden stop even though the light was green]; see also Odetalla v Rodriguez, 165 AD3d 826, 827 [2d Dept 2018] [summary judgment for the plaintiff driver granted upon the plaintiff's affidavit and police report containing the defendant's statement that the plaintiff's vehicle was slowing down and that the defendant driver was "unable to stop on time" to avoid collision]). Specifically, regardless of the "sideswipe" terminology used to relate Sow's account of the collision therein, the police report does not controvert Sow's claim that he was rear-ended. Indeed, while the police report notates damage to the side panel of Sow's vehicle, it clearly indicates that the most severe damage occurred in its rear. In view of the account that the unknown unidentified driver left the scene of this multi-car collision Sow is therefore entitled to summary judgment on the issue of liability in this matter.
We have considered defendant-respondents Ruiz and Lino's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023