Taveras v K&D Equip. Leasing Corp. (2024 NY Slip Op 01524)

Taveras v K&D Equip. Leasing Corp.

2024 NY Slip Op 01524

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 25414/19 Appeal No. 1879 Case No. 2023-01304 

[*1]Daurin Taveras, Appellant,
v
K&D Equipment Leasing Corp., et al., Respondents.

Sacco & Fillas, LLP, Astoria (Albert R. Matuza, Jr. of counsel), for appellant.
Stonberg, Hickman & Pavloff LLP, New York (Carmen L. Borbon of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about January 31, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants established prima facie entitlement to summary judgment by submitting defendant Kowalski's affidavit and the police officer's testimony, which stated that the vehicle operated by plaintiff rear-ended a box truck owned and operated by defendants which was changing lanes at the direction of a police officer (see Dattilo v Best Transp. Inc., 79 AD3d 432, 433 [1st Dept 2010]). That evidence establishes a prima facie case of negligence on the part of plaintiff, as the driver of the rear vehicle and imposes a duty on plaintiff "to come forward with an adequate non-negligent explanation for the accident" (Williams v Kadri, 112 AD3d 442, 442 [1st Dept 2013]; see Vehicle and Traffic Law § 1129[a]).
Plaintiff failed to rebut the presumption of negligence by providing a nonnegligent explanation, but instead contended that the accident involved a sideswipe of his car by defendants' truck which was unsafely changing lanes. However, defendant driver was following lawful directions of a police officer (Vehicle and Traffic Law § 1102). While the photographs of plaintiff's vehicle show scratches to the side panel of the vehicle, they clearly show that the most severe damage occurred in its front, and therefore do not refute the description of the accident in the police officer's report and testimony (see Kante v Ruiz, 221 AD3d 408, 409 [1st Dept 2023]; Thompson v Coca-Cola Bottling Co., 170 AD3d 588, 589 [1st Dept 2019]). Plaintiff also failed to raise a triable issue of fact concerning where his vehicle impacted defendants' truck. Thus, the sole proximate cause of the accident was plaintiff's failure to see that which he should have seen (see Sarosy v Scheina, 225 AD2d 493, 494 [1st Dept 1996]) and to follow the instructions of the police officer who was directing traffic (see Vehicle and Traffic Law § 1102). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024