Stephenson v New York City Tr. Auth. (2024 NY Slip Op 02103)

Stephenson v New York City Tr. Auth.

2024 NY Slip Op 02103

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 805513/22 Appeal No. 2087 Case No. 2023-04644 

[*1]Ventrice Stephenson, Plaintiff-Appellant,
v
New York City Transit Authority Also Known as New York City Transit Department of Buses Also Known as New York City Transit, et al., Defendants-Respondents.

Kenneth J. Gorman, New York, for appellant.
Anna J. Ervolina, MTA Law Dept, Brooklyn (Theresa A. Frame of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 11, 2023, which denied plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defense of culpable conduct, unanimously reversed on the law, without costs, and the motion granted.
Plaintiff established entitlement to judgment as a matter of law. She submitted her 50-h hearing testimony in which she stated that her SUV was stopped at an intersection waiting for the red light to turn green when her vehicle was hit in the rear by a bus being driven by defendant Alvarez. It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
In opposition, defendants failed to provide a non-negligent explanation for the accident. Defendant Alvarez's unsworn, self-serving statements in the MV-104 report and accident report are hearsay and insufficient, as a matter of law, to raise a triable factual issue (see Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]; Rue v Stokes, 191 AD2d 245, 246 [1st Dept 1993]). Regarding the supervisor's investigation report, even if admissible as a business record, it only includes the bus driver's statement that plaintiff stopped short, which does not raise a nonnegligent explanation for a rear-end collision (see Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023].
Plaintiff's motion was not premature because information as to why defendants' vehicle rear-ended plaintiff's car was within defendant Alvarez's own knowledge (see Ferreira v E-J Electric Installation Company, 220 AD3d 617, 618 [1st Dept 2023]; Reyes, 212 AD3d at 565-566; Mirza v Tribeca Auto. Inc., 189 AD3d 448, 448 [1st Dept 2020]).
Because the record was devoid of any evidence of plaintiff's culpable conduct, the affirmative defenses of comparative fault should have been dismissed (see Vasquez v Strickland, 211 AD3d 414, 414-415 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024