## Parsehian v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 31623(U)

May 8, 2024

Supreme Court, New York County

Docket Number: Index No. 159739/2022

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                    PART                 **22M**

*Justice*

-------------------------------------------------------------------------X

TRACEY PARSEHIAN,

INDEX NO.          159739/2022

MOTION DATE     04/01/2024

Plaintiff,

MOTION SEQ. NO.      001

- v -

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,
STEFAN B. KEENEY

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for              SUMMARY JUDGMENT (AFTER JOINDER)        .

Upon the foregoing documents, Plaintiff's motion for summary judgment in favor of Plaintiff and against Defendants and to strike Defendants' Second Affirmative Defense of assumption of the risk, Fourth Affirmative Defense of comparative fault and/or culpable conduct, Tenth Affirmative Defense of lack of seatbelt, Eleventh Affirmative Defense of lack of/negligent use of safety devices, Twelfth Affirmative Defense of emergency doctrine, and Fourteenth Affirmative Defense of failure to comply with VTL is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a May 27, 2022 motor vehicle accident between a vehicle operated by Plaintiff and a vehicle owned by Defendant Consolidated Edison Company of New York, Inc. and operated by Defendant Stefan B. Keeney.

In support of her motion, Plaintiff relies on a certified police report and her affidavit. The certified police report identifies the parties and states that the responding officer assisted the drivers with exchanging information, he reported no injuries involved, and that he advised his sergeant of the accident. In her affidavit, Plaintiff averred that she was the seat belted driver in the third

159739/2022  PARSEHIAN, TRACEY vs. CONSOLIDATED EDISON COMPANY OF NEW YORK,              Page 1 of 5
INC. ET AL
Motion No. 001

[* 1]

vehicle stopped for a red traffic signal at Lockwood Avenue and Webster Avenue; she was completely stopped for 2-3 minutes when Defendants' vehicle slammed into the rear of her stopped vehicle and propelled it forward; her vehicle did not strike the vehicle in front of it.

Plaintiff's submission establishes a prima facie case of negligence against Defendants (*see Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). The burden therefore shifts to Defendants to come forward with an adequate nonnegligent explanation for the accident (*Cruz v Lise*, 123 AD3d 514 (1ˢᵗ Dep't 2014).

In opposition, Defendants submit the affidavit of Defendant Driver who avers that he was operating Defendant Con Edison's vehicle during the course of his employment, driving westbound on Lockwood Avenue at 15 mph, he saw the vehicle in front of Plaintiff's make a left turn and Plaintiff's vehicle came to a sudden stop while the light was green; prior to stopping, Plaintiff did not put her hazard lights on or take evasive measures.

In reply, Plaintiff contends that Defendant Driver was obligated to maintain a safe distance pursuant to VTL 1129 (a) and his failure to do so in the absence of an adequate, non-negligent explanation constitutes negligence as a matter of law.

Pursuant to VTL 1129 (a), drivers have a duty to maintain safe distances between vehicles and be prepared for vehicle stoppages (*Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]). Further, it is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the rear vehicle to come forward with an adequate nonnegligent explanation for the accident (*Morgan v Browner*, 138 AD3d 560 [1st Dept 2016]; *Corrigan v Porter Cab Corp.*, 101 AD3d 471 [1st Dept 2012]).

159739/2022  PARSEHIAN, TRACEY vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL
Motion No. 001

Page 2 of 5

2 of 5

[* 2]

Here, Defendant Driver stated that he rear-ended Plaintiff because Plaintiff stopped short while at the intersection with a green light. However, "[a] claim that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the rear driver" (*Morgan*, 138 AD3d at 560). Similarly, the assertion that the stop occurred while Plaintiff was presumably proceeding with a green light present a material question of fact for trial (*Chowdhury v Matos*, 118 AD3d 488 [1st Dept 2014] ["even crediting the testimony of defendant Collazo that Mohammed abruptly stopped in the middle of the intersection and not for a red light, defendants have failed to proffer a nonnegligent explanation for the rear-end collision"]). The motion is granted.

The branch of Plaintiff's motion to strike Defendants' Second Affirmative Defense of assumption of the risk, Fourth Affirmative Defense of comparative fault and/or culpable conduct, Tenth Affirmative Defense of lack of seatbelt, Eleventh Affirmative Defense of lack of/negligent use of safety devices, Twelfth Affirmative Defense of emergency doctrine, and Fourteenth Affirmative Defense of failure to comply with VTL is granted in part. Through her affidavit, Plaintiff established that she was wearing her seatbelt. Defendants have failed to offer any evidence that Plaintiff was not wearing her seatbelt at the time of the accident. To the extent that Defendants attempt to invoke the emergency doctrine, the emergency doctrine is typically inapplicable to routine rear-end traffic accidents (*Johnson v Phillips*, 261 AD2d 269 [1st Dept 1999]). The emergency doctrine is inappropriate in cases where the subject accident resulted from an occurrence which the parties had reason to anticipate. Here, Defendant Driver failed to maintain a reasonably safe distance from Plaintiff's vehicle. Drivers are charged with a responsibility to maintain a safe distance between vehicles and to be prepared for such vehicle stoppages (VTL 1129). Thus, even accepting as true Defendant Driver's testimony that Plaintiff's

159739/2022 PARSEHIAN, TRACEY vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL
Motion No. 001

Page 3 of 5

vehicle stopped at the green light, it does not explain why Defendant Driver failed to keep a safe distance between himself and the vehicle ahead of him (*Acevedo v Akhtar*, 204 AD3d 596 [1st Dept 2022]). Thus, Defendants Tenth Affirmative Defense of lack of seatbelt and Twelfth Affirmative Defense of emergency doctrine are dismissed.

With regard to the remaining affirmative defenses, the Court of Appeals has held that a plaintiff may be entitled to partial summary judgment on the issue of a defendant's liability even if a defendant raises an issue of fact regarding a plaintiff's comparative negligence (*Carlos Rodriguez, Appellant, v City of NY, Respondent.*, 31 NY3d 312 [2018]). The issue of a plaintiff's comparative negligence is addressed and determined when considering the damages that a defendant owes to a plaintiff (*Id.* at 3). To be entitled to summary judgment on the issue of liability, a plaintiff is not required to demonstrate the absence of fault on her part *(Rodriguez v City of New York*, 31 NY3d 312 [2018]). Nor is she required to establish that defendant's conduct was the sole proximate cause of the accident. (*Simmons v Bergh*, 192 AD3d 547 [1st Dept 2021]).

In this case, Plaintiff has not shown that Defendants' conduct was the sole cause of that accident and Defendant Driver's affidavit establishes that Plaintiff may be partially responsible for her injuries. Therefore, the branch of Plaintiff's motion to dismiss Defendants' Second Affirmative Defense, Fourth Affirmative Defense, Eleventh Affirmative Defense and Fourteenth Affirmative Defense is denied. Accordingly, it is

**ORDERED** that the branch of Plaintiff's motion for summary judgment on liability in Plaintiff's favor and against Defendants is GRANTED; and it is further

**ORDERED** that the branch of Plaintiff's motion to dismiss Defendants' Tenth Affirmative Defense and Twelfth Affirmative Defense is GRANTED; and it is further

159739/2022 PARSEHIAN, TRACEY vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL
Motion No. 001

Page 4 of 5

[* 4]

**ORDERED** that the branch of Plaintiff's motion to dismiss Defendants' Second Affirmative Defense, Fourth Affirmative Defense, Eleventh Affirmative Defense and Fourteenth Affirmative Defense is DENIED; and it is further

**ORDERED** that within 30 days of entry. Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 5/8/2024 | | | |
|---|---|---|---|
| **DATE** | | JAMES G. CLYNES, J.S.C. | |

| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159739/2022   PARSEHIAN, TRACEY vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL
Motion No. 001

Page 5 of 5

5 of 5

[* 5]