Caraballo v Century Star Fuel Corp.
2026 NY Slip Op 03383
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dany Caraballo, Plaintiff-Appellant,
v
Century Star Fuel Corporation, et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 802031/22|Appeal No. 6770|Case No. 2025-02807|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York (Dennis J. Monaco of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about May 5, 2025, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Supreme Court properly denied plaintiff's motion. Plaintiff established prima facie entitlement to summary judgment on the issue of liability based on his testimony that he was stopped at a red light in the left lane at an intersection when defendants' truck struck the rear of his vehicle (see Stephenson v New York City Tr. Auth., 226 AD3d 546, 546 [1st Dept 2024]; Matos v Sanchez, 147 AD3d 585, 586 [1st Dept 2017]).
However, defendants' evidence in opposition raises triable issues of fact as to how the collision occurred (see Colon v Woolco Foods Inc., 177 AD3d 498, 498 [1st Dept 2019]). Defendant driver Donald Prophete testified that he was stopped at a red light in the left lane, and that the collision occurred when he and plaintiff were both pulling away from the light and the rear tires of his truck rubbed on the rear fender of plaintiff's vehicle. This testimony is consistent with a photograph of plaintiff's vehicle showing damage only to the driver's side rear panel. Moreover, the photograph is inconsistent with plaintiff's testimony that he was the first car stopped in the left lane when Prophete's truck hit the back of his vehicle. This evidence creates conflicting versions of the collision appropriate for resolution only by a factfinder (see Renwick v Mitchell, 221 AD3d 514, 514 [1st Dept 2023]; Barba v Stewart, 137 AD3d 704, 705 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026