■ SALLY CHAME, Respondent, v SHELDON KRONEN, Respondent, and ANDRES CHAME, Appellant. [55 NYS3d 228]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 21, 2016, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Andres Chame (Chame) for summary judgment dismissing the complaint and cross claims as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Chame established his entitlement to summary judgment by showing that there is no triable issue of fact as to whether his vehicle was stopped when codefendant Sheldon Kronen's vehicle rear-ended him. Plaintiff, Chame and Kronen all testified that Chame's vehicle was stopped before the impact occurred, which renders Kronen's claim that Chame failed to activate his vehicle's turn signal irrelevant (see Vespe v Kazi, 62 AD3d 408, 409 [1st Dept 2009]). The motion court's determination that there is a question of fact as to whether Chame attempted to make a turn from an improper location fails for that same reason (see Cabrera v Rodriguez, 72 AD3d 553, 554 [1st Dept 2010]).

Kronen's argument that Chame's vehicle stopped abruptly in front of him before he rear-ended Chame's vehicle is insufficient to raise an issue of fact as to whether Chame was negligently operating his vehicle prior to the collision (see Corrigan v Porter Cab Corp., 101 AD3d 471, 472 [1st Dept 2012]; Rodriguez v Chapman-Perry, 82 AD3d 638, 639 [1st Dept 2011]). Furthermore, even if Chame's vehicle did stop short, Kronen failed to provide evidence that he maintained a safe distance between his vehicle and Chame's vehicle (see Williams v Kadri, 112 AD3d 442, 443 [1st Dept 2013]; Profita v Diaz, 100 AD3d 481, 482 [1st Dept 2012]). Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.