Morales v Consolidated Bus Tr., Inc. (2018 NY Slip Op 08430)





Morales v Consolidated Bus Tr., Inc.


2018 NY Slip Op 08430


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7835 305470/14

[*1]Yisela Morales, Plaintiff-Appellant,
v
Consolidated Bus Transit, Inc., et al., Defendants-Respondents, Hambone Management Corp., et al., Defendants.


Elefterakis, Elefterakis & Panek, New York (Jordan A. Jodre of counsel), for appellant.
Silverman Shin & Byrne PLLC, New York (Sahil Sharma of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 24, 2017, which granted the motion of defendants Consolidated Bus Transit, Inc. (CBT) and Dileny Abreu for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff, a passenger in a livery cab owned by defendant Hambone Management Corp., and operated by defendant Rafael Mejia, was allegedly injured when the livery cab rear-ended a yellow school bus owned by defendant CBT and operated by defendant Dileny Abreu. The cab driver's lone excuse for rear-ending the bus, namely, that it made a sudden stop, mid-block, is insufficient to rebut the presumption of negligence (see Profita v Diaz, 100 AD3d 481 [1st Dept 2012]). Sworn testimony and statements, including the testimony of the cab driver and plaintiff, although differing as to the movements of the bus immediately prior to the accident, were consistent to the extent they established, without contradiction, that the cab rear-ended the bus, that the cab driver was traveling too close to the rear of the bus to stop in time to avert a collision with it, and that the cab driver failed to offer a non-negligent explanation for rear-ending the bus or evidence showing that he maintained a safe distance between his vehicle and the bus (see generally Chame v Kronen, 150 AD3d 622 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK