Serrano v DTG Enter. Inc. (2019 NY Slip Op 03469)





Serrano v DTG Enter. Inc.


2019 NY Slip Op 03469


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9180 26802/16

[*1]Jesus Serrano, Plaintiff-Appellant, Aracelis Rivera, Plaintiff,
v
DTG Enterprise Inc., et al., Defendants-Respondents.


Richard T. Lau & Associates, Jericho (Christine A. Hilcken of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Marjorie E. Bornes of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 3, 2018, which denied plaintiff Jesus Serrano's motion for summary judgment dismissing defendants' counterclaim for negligence, unanimously reversed, on the law, without costs, and the motion granted.
It is undisputed that Serrano made a prima facie showing that he was entitled to summary judgment by establishing that the vehicle he was driving was stopped when it was rear-ended by the vehicle driven by defendant Castillo (Morgan v Browner, 138 AD3d 560 [1st Dept 2016]). Defendants failed to set forth any non-negligent explanation for the accident. The accident occurred at the intersection of two local roads controlled by a traffic light. There are no facts giving rise to any reasonable belief by defendant driver that the traffic would have continued unimpeded (See Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473 [1st Dept 2017]). Defendants' allegation that Serrano did not use his turn signal to indicate he intended to turn left was irrelevant to liability because his vehicle was stopped at the time of the collision (Chame v Kronen, 150 AD3d 622 [1st Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK