Scioli v Joseph (2022 NY Slip Op 02215)





Scioli v Joseph


2022 NY Slip Op 02215


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 154550/20 Appeal No. 15615 Case No. 2021-01682 

[*1]Nicholas Scioli, Plaintiff-Respondent,
v
Johnny Joseph et al., Defendants-Appellants, MTA Bus Company et al., Defendants.


Shafer Partners, LLP, New York (Delsia G. Marshall of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered March 31, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability as against defendants Johnny Joseph and Maggies Paratransit Corp. and dismissed their affirmative defenses of comparative fault, culpable conduct, and assumption of risk, unanimously affirmed, without costs.
Plaintiff established prima facie that defendants were negligent by submitting an affidavit that he was stopped at a red traffic light when his vehicle was struck in the rear by a vehicle owned by Maggies Paratransit and operated by Joseph (see Cruz v Lise, 123 AD3d 514 [1st Dept 2014]). In opposition, defendants failed to provide a nonnegligent explanation for the accident (see Urena v GVC Ltd., 160 AD3d 467, 467 [1st Dept 2018]).
Contrary to defendants' contention, the discrepant facts between the parties' affidavits do not warrant a different determination (see Santos v Booth, 126 AD3d 506 [1st Dept 2015]). Even if plaintiff's vehicle had stopped short in front of defendants' vehicle, defendants failed to rebut the inference of negligence created by the rear-end collision by showing that Joseph maintained a safe distance from plaintiff's vehicle before the accident (see Vehicle and Traffic Law § 1129[a]; Chowdhury v Matos, 118 AD3d 488 [1st Dept 2014]; Corrigan v Porter Cab Corp., 101 AD3d 471, 472 [1st Dept 2012]).
Defendants' contention that the emergency doctrine applies in this action, because a pedestrian darting out unexpectedly into the roadway created an emergency situation that caused Joseph to rear-end plaintiff's vehicle, is unavailing. Joseph's affidavit does not set forth how fast his vehicle was traveling before the accident or why his reaction to the alleged emergency was reasonable under the circumstances (see Caristo v Sanzone, 96 NY2d 172, 174-175 [2001]; Gutierrez v Hoyt Transp. Corp., 117 AD3d 420, 420-421 [1st Dept 2014]; Sosa v Rehmat, 46 AD3d 306 [1st Dept 2007]).
Plaintiff's motion was not premature, as Joseph himself knew the relevant facts concerning the accident and would have knowledge of any nonnegligent reason for the
collision (see Callahan v Haji, 189 AD3d 610, 611 [1st Dept 2020]; Estate of Bachman v Hong, 169 AD3d 436, 437 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022