Vasquez v Strickland (2022 NY Slip Op 06876)

Vasquez v Strickland

2022 NY Slip Op 06876

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 800509/21E Appeal No. 16773 Case No. 2021-03902 

[*1]Johnny Vasquez, Plaintiff-Appellant,
v
David Ernest Strickland, Defendant-Respondent.

Steven Louros, New York, for appellant.
Cheven, Keely & Hatzis, New York (Thomas Torto of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about October 13, 2021, which denied plaintiff's motion for summary judgment on liability and to strike the affirmative defenses of comparative negligence, absence of seatbelt usage, and assumption of risk, unanimously reversed, on the law, without costs, and the motion granted.
The court should have granted plaintiff for summary judgment on liability. Plaintiff established prima facie that defendant was negligent by submitting his affidavit that defendant's vehicle rear-ended his vehicle as he slowed down or stopped to accommodate another vehicle that was merging in from his right, and defendant failed to provide a nonnegligent explanation for the collision (see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]; Profita v Diaz, 100 AD3d 481, 481-482 [1st Dept 2012]). Defendant claimed only that defendant stopped short, which, by itself, was insufficient to rebut the presumption of negligence (see Bajrami v Twinkle Cab Corp., 147 AD3d 649, 649 [1st Dept 2017]; Matos v Sanchez, 147 AD3d 585, 586 [1st Dept 2017]). Contrary to the motion court's finding, plaintiff was not required to establish absence of comparative negligence on his part to be entitled to summary judgment on liability (see Rodriguez v City of New York, 31 NY3d 312, 323 [2018]).
In view of plaintiff's affidavit establishing his own lack of fault and his seatbelt usage, and the absence of any proof to the contrary, the affirmative defenses of comparative negligence and failure to wear a seatbelt, as well as the irrelevant defense of assumption of risk, are also dismissed (see Prak v New York City Tr. Auth., 205 AD3d 489, 490 [1st Dept 2022]; Scioli v Joseph, 203 AD3d 680 [1st Dept 2022]).
Plaintiff's motion was not premature, as defendant did not demonstrate that facts essential to opposing the motion were exclusively within the knowledge and control of plaintiff, or explain what evidence could be uncovered in discovery that would augment his defenses on liability (see Santana v Danco Inc., 115 AD3d 560, 560 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022