Reyes v Gropper (2023 NY Slip Op 00383)

Reyes v Gropper

2023 NY Slip Op 00383

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 24773/20E Appeal No. 17192 Case No. 2022-01943 

[*1]Raymond Reyes, Plaintiff-Respondent,
v
Jared M. Gropper, Defendant-Appellant, Truetox Laboratories, LLC, Defendant.

Lewis Johs Avallone Aviles, LLP, New York (David L. Metzger of counsel), for appellant.
Law Office of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about January 12, 2022, which granted plaintiff's motion for summary judgment on liability and dismissed the affirmative defenses of comparative fault, unanimously affirmed, without costs.
"It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
Plaintiff established prima facie that defendant was negligent by submitting his affidavit stating that he was travelling in the left lane of the express lanes on I-78 in New Jersey when defendant failed to properly brake his vehicle and struck plaintiff's vehicle in the rear. Although the court should not have considered the hearsay statements in the uncertified police report submitted by plaintiff (see Coleman v Maclas, 61 AD3d 569, 569 [1st Dept 2009]; Figueroa v Luna, 281 AD2d 204, 205 [1st Dept 2001]), such error was inconsequential, as plaintiff's affidavit, alone, was sufficient to satisfy his prima facie burden.
In opposition, defendant failed to provide a nonnegligent explanation for the accident. He submitted an affidavit explaining that the accident occurred because plaintiff stopped short when another vehicle suddenly entered the lane in front of plaintiff and then made an abrupt stop. This explanation was insufficient to rebut the presumption of defendant's negligence (see Morales v Consolidated Bus Tr., Inc., 167 AD3d 457, 458 [1st Dept 2018]; Morgan v Browner, 138 AD3d 560, 560 [1st Dept 2016]).
Plaintiff's motion was not premature, as information as to why defendant rear-ended plaintiff's vehicle was within defendant's own knowledge (see Rodriguez v Garcia, 154 AD3d 581, 581 [1st Dept 2017]; Castaneda v DO&CO N.Y. Catering, Inc., 144 AD3d 407, 407 [1st Dept 2016]).
Because the record was devoid of any evidence of plaintiff's culpable conduct, the affirmative defenses of comparative fault were correctly dismissed (see Vasquez v Strickland, __ AD3d __, 2022 NY Slip Op 06876 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023