Obando v Espeut (2023 NY Slip Op 01144)

Obando v Espeut

2023 NY Slip Op 01144

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 153646/20 Appeal No. 17423-17424 Case No. 2022-00459 2022-04272 

[*1]Fedirnan Obando, Plaintiff-Respondent,
v
Dane Espeut et al., Defendants, Alex Morera et al., Defendants-Appellants. 

Morris Duffy Alonso Faley & Pitcoff, New York (Robert S. Whitbeck, Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellants.
Sacco & Fillas, LLP, Astoria (Kurt Doiron of counsel), for respondent.

Order, Supreme Court, New York County (Lisa Headley, J.), entered on or about January 18, 2022, which denied the motion of defendants Alex Morera and Paz Giovanni (together, the Morera defendants) for summary judgment dismissing the complaint and cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about August 24, 2022, which denied Morera and Giovanni's motion to renew, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that he was injured in a two-car collision while he was a passenger in a car driven by Morera and owned by Giovanni. According to plaintiff, defendant Dan Espeut, who was driving behind the Morera defendants' car, rear-ended the Morera defendants' car.
It is well-settled law that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence by the driver of the rear vehicle, and imposes a duty on the driver of the rear vehicle to come forward with an adequate nonnegligent explanation for the accident (Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022]; Urena v GVC Ltd., 160 AD3d 467, 467 [1st Dept 2018]). Here, the Morera defendants made a prima facie showing of their entitlement to summary judgment by submitting Morera's affidavit, in which he averred that he was driving straight and gradually applying his brakes because there was traffic ahead of him, and that as he was doing so, the Espeut vehicle rear-ended his vehicle (see Rodriguez v Sharma, 178 AD3d 508, 508-509 [1st Dept 2019]).
In opposition, neither plaintiff nor the other defendants raised a triable issue of fact. Espeut's affidavit, in which he averred that Morera stopped short in front of him after entering his lane of traffic, was insufficient to raise an issue of fact (see Chame v Kronen, 150 AD3d 622, 622 [1st Dept 2017]; Corrigan v Porter Cab Corp., 101 AD3d 471, 471-472 [1st Dept 2012]). Moreover, Espeut had the obligation to maintain a safe distance between the vehicles, which, as the record evidence makes clear, he failed to do (see id. at 472; Dattilo v Best Transp. Inc., 79 AD3d 432 [1st Dept 2010]; Soto-Maroquin v Mellet, 63 AD3d 449, 449-450 [1st Dept 2009]).
In view of the foregoing, the Morera defendants' appeal from denial of their renewed motion for summary judgment is academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023