Ahmad v Behal (2023 NY Slip Op 06196)

Ahmad v Behal

2023 NY Slip Op 06196

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 152345/20 Appeal No. 1130 Case No. 2023-00893 

[*1]Aqeel Ahmad, Plaintiff-Appellant,
v
Brinda Behal, Defendant-Respondent.

Alexander J. Wulwick, New York, for appellant.
The Zweig Law Firm, P.C., Woodmere (Daniel P. Rifkin of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered January 18, 2023, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff met his prima facie burden of establishing his entitlement to summary judgment on the issue of liability by submitting an affidavit stating that when he braked because of the 15 miles per hour speed limit imposed by a construction area in the Holland Tunnel, defendant's car collided with the rear of his vehicle three times (see Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]). It is well established that a rear-end collision with a slowing or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle (see e.g. Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022]).
In opposition, defendant failed to provide a nonnegligent explanation for the accident (Baez-Pena v MM Truck and Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Defendant failed to establish that she maintained a safe following distance (see Vehicle and Traffic Law § 1129[a]; Chame v Kronen, 150 AD3d 622, 622 [1st Dept 2017]) and that any repeated braking by plaintiff was not foreseeable due to the existence of the construction zone and 15 mile per hour speed limit. Defendant failed to establish that given the circumstances she could have "reasonably expected that traffic would continue unimpeded" (Baez-Pena, at 477; see also Diako v Yunga, 126 AD3d 567 [1st Dept 2015]). While defendant claims that plaintiff made a sudden stop, a "claim by the rear driver that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (Bajrami v Twinkle Cab Corp., 147 AD3d 649, 649 [1st Dept 2017] [internal quotation marks and omitted]; see also Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
Furthermore, the motion for summary judgment was not premature. Plaintiff's affidavit established that a rear-end collision occurred, and defendant was in a position to proffer sufficient relevant information concerning the circumstances of the accident (CPLR 3212[f]; see Salodkaya v City of New York, 193 AD3d 604, 604-605 [1st Dept 2021]; Mirza v Tribeca Auto. Inc., 189 AD3d 448, 448 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023