Leach v GVC II Inc. (2025 NY Slip Op 00829)

Leach v GVC II Inc.

2025 NY Slip Op 00829

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 36301/17 Appeal No. 3675 Case No. 2024-01653 

[*1]Eric Leach et al., Plaintiffs-Appellants-Respondents,
v
GVC II Inc., et al., Defendants-Respondents, Moshe Lieberman, Defendant-Respondent-Appellant.

Richard C. Bell, New York, for appellants-respondents.
Proietto, Peek & Elliott, Melville (Susan Duncan of counsel), for respondent-appellant.
Shein Johnson, PC, Melville (Steven Johnson of counsel), for GVC II Inc. and Tiffany Marie Merritt, respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered February 29, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants GVC II Inc. and Tiffany Marie Merritt (collectively, GVC Defendants), for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs allege that they sustained injuries when they were passengers on a bus driven by Merritt and operated by GVC II, Inc., which collided with a minivan driven by defendant Lieberman.
GVC Defendants established their prima facie entitlement to summary judgment on the issue of liability by demonstrating, through Merritt's testimony, that Lieberman caused the collision when he "violated [his] duty not to enter a lane of moving traffic until it [was] safe to do so" (Castro v Hatim, 174 AD3d 464, 464 [1st Dept 2019] [internal quotation marks omitted]; see Vehicle and Traffic Law § 1128[a]). Merritt's testimony that Lieberman "made an unsafe lane change, without signaling or leaving a safe distance between the vehicles in violation of traffic laws, establishes [his] negligence" (Velasquez v MTA Bus Co., 132 AD3d 485, 485 [1st Dept 2015]).
Plaintiffs' testimony, in which they alleged that the accident was caused by the bus veering into the center lane, was "sufficient to permit an inference" that the bus proximately caused the accident, and the bus driver's conflicting testimony raised triable issues of fact (see DiSalvatore v New York City Tr. Auth., 45 AD3d 402, 403 [1st Dept 2007]). Viewing the evidence in the light most favorable to plaintiffs, we conclude that issues exist as to whether the bus driver "exercise[d] due care to avoid the accident" (Sylvester v Velez, 146 AD3d 599, 599 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025