**Walford v Metropolitan Transp. Auth.**

2025 NY Slip Op 30799(U)

March 10, 2025

Supreme Court, New York County

Docket Number: Index No. 160257/2023

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                          PART                          21

                                                *Justice*

----------------------------------------------------------------------------X

BRITTANY SHA'NELL WALFORD,                    INDEX NO.              160257/2023

                              Plaintiff,       MOTION DATE            09/02/2024

                    - v -                      MOTION SEQ. NO.          001

METROPOLITAN TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY, MTA BUS COMPANY        **DECISION + ORDER ON
and LAMONT KIRK,                                          MOTION**

                              Defendants.

----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 9-18, 20-28

were read on this motion to/for                  JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is hereby **ORDERED** that the motion by plaintiff for summary judgment "finding 100% as against the defendants", setting the matter down for an assessment of damages, striking all affirmative defenses alleging culpable conduct by the plaintiff, and "granting such other and further relief as this Court may deem just and proper" (plaintiff's notice of motion [NYSCEF Doc. No. 9]), is **GRANTED TO THE EXTENT** that plaintiff is awarded partial summary judgment in her favor on the issue of liability as against defendants New York City Transit Authority, MTA Bus Company and Lamont Kirk only, and the motion is otherwise denied; and it is further

**ORDERED** that, within 60 days after entry of this decision and order, counsel for defendants is directed to retrieve the compact disc containing the video footage from IAS Part 21, 80 Centre Street Room **280** and to preserve the video footage intact pending the outcome of any appeal of this decision and order, or if no appeal is taken, until after the time to appeal from this decision and order has expired.[1]

In support of her motion, plaintiff submits her affidavit and statutory hearing testimony in which she asserts that on February 22, 2023, she was "driving straight on Saint James Place," when "[s]uddenly and without warning the defendant's vehicle came into my lane striking the passenger side of my vehicle, causing damages and injuries" (plaintiff's affidavit [NYSCEF Doc. No. 13] ¶¶ 3-5; plaintiff's exhibit 4 [NYSCEF Doc. No. 17] at 12, line 14 through 18, line 5).

---

[1] If the compact disc is not retrieved within 60 days after entry of this decision, court staff may discard the compact disc thereafter.

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION**                          **Page 1 of 6**
**AUTHORITY ET AL**
**Motion No.  001**

1 of 6

[* 1]

Based on such evidence, plaintiff has established that the bus operated by defendant Lamont Kirk made an unsafe lane change into plaintiff's lane of travel, without signaling or leaving a safe distance between the vehicles, which establishes defendant Kirk's negligence (*Leach v GVC II Inc.*, —AD3d—, 2025 NY Slip Op 00829 [1st Dept 2025]; *Salama v Piccirillo*, 223 AD3d 692, 693 [2d Dept 2024]; Vehicle and Traffic Law § 1128 [a]).

In opposition to this motion, defendants argue that summary judgment is premature. They also point to statements of defendant Lamont Kirk – the operator of the subject bus – in the police report (plaintiff's exhibit 1 [NYSCEF Doc. No. 14]) and defendants' accident reports (defendants' exhibit A [NYSCEF Doc. No. 21]) that appear to blame plaintiff for causing the accident (affirmation of defendants' counsel in opposition [NYSCEF Doc. No. 20] ¶¶ 19, 28-29). Defendants contend that plaintiff may have caused the accident by "try[ing] to go around the bus by crossing over the double-yellow line but chang[ing] her mind at the last second" (affirmation in opposition to motion [NYSCEF Doc. No. 20] ¶ 32). They also submit video footage showing the accident (defendants' exhibit B [NYSCEF Doc. No. 22], bus video footage). According to defendants' counsel, at "6:32:33 [of Camera 4] of the bus video the footage shows Plaintiff trying to overtake the bus rather than slow down" (affirmation of defendants' counsel in opposition ¶ 32).

Contrary to defendants' arguments, plaintiff's motion for summary judgment is not premature, as any explanation for why Kirk merged into the plaintiff's lane of travel is within Kirk's own personal knowledge (*see Stephenson v New York City Tr. Auth.*, 226 AD3d 546 [1st Dept 2024]; *Ahmad v Behal*, 221 AD3d 558, 559 [1st Dept 2023]). The mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion" (*Singh v New York City Hous. Auth.*, 177 AD3d 475, 476 [1st Dept 2019]).

The video footage that defendants submitted support plaintiff's account of the accident and refutes the unsworn statement of defendant Lamont Kirk that plaintiff had crossed over a double-yellow line (*see Kanuteh v New York City Tr. Auth.*, 231 AD3d 540, 541 [1st Dept 2024] [affirming summary judgment in favor of defendants where plaintiff's testimony was "contradicted by the video evidence establishing that the bus never left its lane of travel and that the truck started to leave its parked spot"]).

At 6:32:18, plaintiff's vehicle is visible in camera view Analog 4 in the upper right hand corner of the frame, which shows that plaintiff's vehicle is in a lane of travel to the left of the double-yellow dividing line.

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No.  001**

**Page 2 of 6**

2 of 6

[* 2]



At 6:32:20, the video footage shows that plaintiff's vehicle is travelling parallel to the bus.



At 6:32:23, video footage from the forwarding facing camera view of the bus shows that the front of the bus begins to move into the left lane, when there is a stopped car ahead

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No.  001**

Page 3 of 6

[* 3]

in the bus's lane of travel ahead of the another vehicle that is also merging into the left lane.



Meanwhile, at 6:32:23, video footage from camera view Analog 4 shows that the plaintiff's vehicle clearly alongside the rear of the bus.



At 6:32:28, video footage from camera view Analog 4 clearly shows the back of the subject bus merging into plaintiff's lane of travel.

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No.  001**

**Page 4 of 6**

[* 4]



The video makes clear that the contact that resulted in plaintiff's injuries was proximately caused by the subject bus merging into the left lane where plaintiff was already present. Thus, contrary to defendants' arguments, the video does not raise a triable issue of fact as to whether defendants' negligence proximately caused plaintiff's injuries.

Thus, plaintiff is granted partial summary judgment in her favor as against defendant Lamont Kirk.

Plaintiff is also entitled to partial summary judgment in her favor as to liability as against defendants New York City Transit Authority (NYCTA) and MTA Bus Company. In their answer, defendants admitted that defendant New York City Transit owned the bus at issue, and that the collision occurred during the scope of defendant Kirk's employment with defendant MTA Bus Company (plaintiff's exhibit 3 [NYSCEF Doc. No. 16], answer ¶ 7). As the NYCTA is the admitted owner of the vehicle operated by defendant Kirk, plaintiffs met their prima facie burden that the NYCTA is vicariously liable for Kirk's negligence under Vehicle and Traffic Law § 388 (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]). As the incident occurred within the scope of Kirk's employment, defendant MTA Bus Company is vicariously liable for Kirk's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]).

Whether plaintiff should have yielded to the bus as it began to merge into plaintiff's lane of travel raises an issue of fact as to plaintiff's comparative negligence, i.e., whether plaintiff used reasonable care to avoid the accident (*see Caparitia v Johnson*, 216 AD3d 529, 529 [1st Dept 2023] ["[T]he driver traveling with the right-of-way may be found to have contributed to the accident if they do not use reasonable

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No. 001**

**Page 5 of 6**

care to avoid the accident"]). Although an issue of fact as to plaintiff's comparative fault is not a basis to deny summary judgment in plaintiff's favor as to liability (*Rodriguez v City of New York*, 31 NY3d 312, 315 [2018]), the branches of plaintiff's motion seeking to find defendants 100% liable and to strike the affirmative defense of plaintiff's culpable conduct are denied.

To be clear, the determination of defendants' fault as a matter of law on this motion does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

Summary judgment in plaintiff's favor as to liability against defendant Metropolitan Transportation Authority (MTA) is denied. Plaintiff did not submit any evidence either that the MTA owns the bus at issue, or that Kirk was an employee of the MTA.[2]

The parties are reminded to appear for the previously scheduled status conference on **September 18, 2025** at **9:30 AM** in courtroom **280** at 80 Centre Street, New York, NY 10013.

This constitutes the decision and order of the court.

20250310180110RTSAI8F12ABB38A4E47DB92C32D59DFD9619A

| 3/10/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** |
| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[2] Although not raised by defendants, the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

**160257/2023   WALFORD, BRITTANY SHA'NELL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No.  001**

**Page 6 of 6**

[* 6]