Deliz v Davis (2025 NY Slip Op 01864)

Deliz v Davis

2025 NY Slip Op 01864

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 29144/17 31927/17 21117/18 50004/18|Appeal No. 3982|Case No. 2024-01257|

[*1]Monica Deliz etc., Plaintiff-Respondent,
v
Stanley F. Davis et al., Defendants-Respondents, Carlo Lizza & Sons Paving, Inc., Defendant-Appellant-Respondent.
Maritza Deliz, Plaintiff-Respondent,
v
Avid Waste Systems, Inc., et al., Defendants-Respondents, Carlo Lizza & Sons Paving, Inc., Defendant-Appellant-Respondent.
Hector Deliz, Plaintiff-Respondent,
v
Avid Waste Systems, Inc., et al., Defendants-Respondents, Carlo Lizza & Sons Paving, Inc., Defendant-Appellant-Respondent.
The City of New York, Third-Party Plaintiff,
v
Maritza Deliz, Third-Party Defendant.

Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for appellant-respondent.
Scahill Law Group, P.C., Bethpage (Gerard Ferrara of counsel), for Maritza Deliz, respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered January 4, 2024, which, to the extent appealed from as limited by the briefs, granted the motions and cross-motion of plaintiff/defendant/third-party defendant Maritza Deliz (Maritza) for summary judgment dismissing the complaint and all counterclaims and cross-claims against her, unanimously affirmed, without costs.
In this fatal rear-end collision between two vehicles, Maritza established prima facie entitlement to summary judgment by submitting evidence demonstrating that the garbage truck, owned by defendant Avid Waste Systems, Inc. and operated by its employee defendant Stanley F. Davis, collided with the rear of her vehicle as she was slowing her vehicle down to avoid exposed manhole covers in her lane of travel (see Ahmad v Behal, 221 AD3d 558, 558 [1st Dept 2023]; Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
In opposition, Avid and Davis failed to provide a nonnegligent explanation for the collision (see Ahmad v Behal, 221 AD3d at 558). Defendants failed to show that Davis maintained a safe following distance behind Maritza's vehicle, as required by Vehicle and Traffic Law § 1129(a), or that Davis "could have reasonably expected that traffic would continue unimpeded under the circumstances" (Perez v City of New York, 231 AD3d 633, 634 [1st Dept 2024] [internal quotation marks omitted]; see Corrigan v Porter Cab Corp., 101 AD3d 471, 472 [1st Dept 2012]). Defendants' claim that Maritza's vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of Davis, particularly where, as here, he has failed to explain why he did not maintain a safe following distance (see Morgan v Browner, 138 AD3d 560, 560 [1st Dept 2016]; Cabrera v Rodriguez, 72 AD3d at 553). Further, Davis's deposition testimony that he saw Maritza's vehicle at "the moment of impact" and did not know how her vehicle got in front of his garbage truck or whether her brake lights were activated when the front of his truck collided into her vehicle's rear right bumper is insufficient to rebut the presumption of negligence against him (see Santana v Tic-Tak Limo Corp., 106 AD3d 572, 574 [1st Dept 2013]).
Contrary to the assertions of defendant Carlo Lizza & Sons (Lizza), failure to rebut the presumption of negligence as against defendant Davis is a permissible basis to grant summary judgment. Further, the record does not support a finding that Maritza's operation of her vehicle created a foreseeable danger and therefore proximately caused the collision (cf. Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]). "[S]tops that are foreseeable under prevailing traffic conditions must be anticipated by the driver who follows, who is under a duty to maintain a safe distance between his vehicle and the lead vehicle" (Lambert v Bonilla, 201 AD3d 502, 503 [1st Dept 2022], citing Reed v New York City Tr. Auth., 299 AD2d 330 [2d Dept 2002] [holding that a claim that [*2]a lead vehicle abruptly stopped is insufficient to raise a triable issue of fact as to whether a lead vehicle was negligent and proximately caused a rear-end collision]). Regardless of whether Maritza stopped suddenly, there was no nonnegligent explanation presented by defendants for the rear-end collision, and thus it was Davis's failure to observe traffic conditions and maintain a safe following distance that was the sole proximate cause of the collision (see Malone v Morillo, 6 AD3d 324, 325 [1st Dept 2004]; Perez v City of New York, 231 AD3d at 634).
Lizza's argument that there is a question of fact as to Maritza's negligence based on expert opinions that the raised manhole covers did not present any danger is wholly unpersuasive. Avid's and Davis's accident reconstructionist expert failed to explain why Maritza's calculated deceleration rate of "14.65 ft/sec² (o.5 g)" was applicable to the accident to support his opinion that Maritza may have also been negligent.
The conflicting accounts concerning whether Maritza was in the right or left lane before the accident did not raise a triable issue of fact. In either scenario, Davis was negligent as a matter of law by failing to maintain a safe distance from Maritza (see Vehicle and Traffic Law § 1129[a]; Scioli v Joseph, 203 AD3d 680, 680 [1st Dept 2022]).
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025